UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRAVIS NIXON | § | C.A. NO. 3:23-cv-00406 |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| RENAISSANCE OFFSHORE, LLC and | § | |
| ES&H, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Travis Nixon ("Plaintiff"), complaining of Defendants Renaissance Offshore, LLC ("Renaissance") and ES&H, Inc. ("ES&H"), and, for cause of action, would respectfully show this Honorable Court as follows:

**I. PARTIES**

1.1   Plaintiff Travis Nixon is a U.S. citizen and resident of Louisiana.

1.2   Defendant Renaissance Offshore, LLC is a Delaware limited liability company with its headquarters in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.3   Defendant ES&H, Inc. is a Louisiana corporation with its headquarters in Belle Chasse, Louisiana, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: Kevin Voisin, 2345 Atascosita Road, Humble, Texas 77396.

## II. JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

## III. VENUE

3.1     Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant Renaissance resides in this District.

## IV. FACTS

4.1     On or about October 22, 2023, Plaintiff was working as an employee for Cajun Cutters Inc. as a rigger on Renaissance's offshore platform located in Eugene Island, Block 331. On the date of the injury, Plaintiff was performing his duties in coordination with two other workers in an attempt to move an extremely heavy motor on the platform.  Plaintiff was seriously injured when he forcefully fell backwards as the chain he was using to pull the motor came loose, suddenly releasing Plaintiff in the direction he was pulling.

## V. CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about October 22, 2023, Plaintiff sustained severe and disabling injuries while working on Renaissance's offshore platform located in Block 331 of the Eugene Island section of the Gulf of Mexico.  Louisiana's state law will apply to this cause of action because, pursuant to OCSLA, Louisiana is the state adjacent to Renaissance's offshore platform.

5.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence

and/or gross negligence, as those terms are understood in law, on the part of Defendants, their agents, servants and/or employees who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

5.3   Pursuant to La. C.C. Art. 2315, every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. Pursuant to La. C.C. Art. 2316, every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill. Defendants are liable to Plaintiff pursuant to Louisiana Civil Code article 2315, 2316, and 2317 for causing injury and related damages to Plaintiff. Defendants are liable for the subject accident and Plaintiff's injuries and resultant damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through their agents, representatives and/or employees, in one or more of the following particulars, among others:

(a)   failing to ensure the premises were free from hazards;

(b)   failing to sufficiently perform duties related to Heath, Safety and Environment aboard the platform;

(c)   failing to ensure proper operation of heavy equipment aboard the platform in order to avoid preventable mishaps;

(d)   failing to ensure the safety of workers aboard the platform;

(e)   failing to perform all operations in a safe and work-like manner; and

(f)   other acts and omissions that will be shown at the time of trial herein.

5.4   Pursuant to La. C.C. Art. 2317, persons are responsible, not only for the damage occasioned by their own act, but for that which is caused by the act of persons for whom they are answerable, or of the things which they have in their custody. At the time of Plaintiff's injury,

Defendants had control of all employees on the platform, so as to establish garde. Defendants were responsible to ensure that all operations onboard the platform were conducted in a safe and work-like manner so as to avoid preventable injuries. Defendants failed to uphold that duty giving rise to Plaintiff's injuries.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1   As a result of these occurrences and the negligence and/or gross negligence of Defendants, Plaintiff sustained severe and disabling injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2   Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)   physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)   future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)   physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)   physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)   loss of earnings sustained by Plaintiff from the date of injury to time of trial;

(f)   loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)   reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

 (h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

 (i) past and future physical disfigurement;

 (j) past and future physical impairment; and

 (k) any other damage to which Plaintiff is entitled under applicable law.

## VII.  INTEREST

7.1 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1 Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; pre-judgment and post-judgment interest; attorneys' fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marc E. Kutner*
Marc E. Kutner
SBN 11770575 / SDTX ID 6238
mkutner@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5600
Facsimile: (713) 653-5656

ATTORNEY FOR PLAINTIFF